**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In Re:                                                    Case No.:

**RAHEEM A PONTIFLET**

        Debtor(s).                                          Chapter 13
_____/

**[#__ AMENDED (if applicable)] CHAPTER 13 PLAN**

**CHECK ONE:**

__X__ Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_____ The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1. MONTHLY PLAN PAYMENTS**. Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of __60__ months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

**(A)** $_1875.00_ for months _01_ through _60_
**(B)** $_____ for months ___ through _____
**(C)** $_____ for months ___ through _____

To pay the following creditors:

**2.    ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $_4100____   Total Paid Prepetition $_1700____   Balance Due $_2400_____**

**Estimated Additional Fees Subject to Court Approval $_N/A_____**

**Attorney's Fees Payable through Plan $_400.00__ Monthly (subject to adjustment)**

---
[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals

1

**3.     PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last 4 Digits of Acct No. | Creditor | Total Claim |
|---|---|---|
| | | |
| | | |

**4.     TRUSTEE FEES.**  Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**5.     SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

**(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last 4 Digits of Acct No. | Creditor | Collateral Address | Reg. Mo. Pmt. | Gap Pmt. | Arrears |
|---|---|---|---|---|---|
| 6026 | BSI Financial | 3756 Dartford | $867.00 | n/a | $27,000 |

**(B) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** If Debtor is successful in obtaining a mortgage modification at any time during the case, payments on the modified mortgage shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for homestead property, the lesser of 31% of the gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner association fees), or the normal monthly contractual mortgage payment, or (2) for non-homestead, income producing property, 75% of the gross rental income generated from the property:

| Last 4 Digits of Acct. No. | Creditor | Collateral Address | Pmt. Amt. |
|---|---|---|---|
| | | | |

**(C) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Value | Pmt. | Interest @ ___% |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**(D) Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Pmt. | Interest @ _____% |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**(E) Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

| Last 4 Digits of Acct No. | Creditor | Collateral Description | Regular Payment | Arrearages |
|---|---|---|---|---|
| 1001 | American Credit | 2005 Chrysler 300C | $350.00 | $1000 |
| | | | | |

**(F) Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral |
|---|---|---|
| n/a | Progressive Leasing | Mattress |
| | | |

3

**(G) Liens to be Avoided per 11 U.S.C. § 522/Stripped Off per 11 U.S.C. § 506.** A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed.

| Last 4 Digits of Acct No. | Creditor | Collateral Description/Address |
|---|---|---|
| n/a | Royal Ridge HOA | 3756 Dartford Drive |

**(H) Surrender of Collateral/Leased Property.** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral to be Surrendered |
|---|---|---|
| 0301 | Navy Federal C.U. | Secured Visa |

**(I) Other Secured Claims.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated in rem as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

**6. LEASES/EXECUTORY CONTRACTS.**

| Last 4 Digits of Acct No. | Creditor | Property | Assume/Reject-Surrender | Est. Arrears |
|---|---|---|---|---|
| n/a | Progressive Leasing | Mattress | Assume | $0.00 |

**7.   GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $ 13,785.44    .

4

**8.**     **ADDITIONAL PROVISIONS:**

(A)     Unless otherwise ordered, secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims:

(B)     Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

(C)     Property of the estate (check one)*

      (1)     _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

      (2)     __X__ shall vest in Debtor upon confirmation of the Plan.

*If Debtor fails to check (a) or (b) above, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

(D)     The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim will control, unless the Court orders otherwise.

(E)     The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

(F)     Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without prior court approval.**

**9. NONCONFORMING PROVISIONS:**

_____
_____
_____

_(signature: Rcheem Ponds)_            Dated: __10/26/2017__

Debtor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Chapter 13 Plan of Debtor(s) was furnished by United States mail, postage prepaid, to All Creditors and Parties in Interest as listed on the Court's Matrix as attached, this __30th__ day of __October__, 2017.

                         /s/ Jose E Lopez, Esq.
                         Jose E Lopez, Esq.
                         Attorney for Debtor
                         LawyerASAP, PLLC
                         150 N Orange Avenue, Suite 303
                         Orlando, FL 32801
                         Telephone: 407.513.1900
                         Facsimile: 407.512.1549
                         Florida Bar No.: 53536

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:17-bk-03715-KRM<br>Middle District of Florida<br>Tampa<br>Mon Oct 30 17:04:10 EDT 2017 | HMC ASSETS, LLC<br>Marinosci Law Group, P.C<br>c/o Frederic Dispigna, Esq.<br>100 West Cypress Creek Road<br>Suite 1045<br>Fort Lauderdale, FL 33309-2191 | United States Trustee - TPA7/13 7<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |
| American Credit Accept<br>961 E Main St<br>Spartanburg, SC 29302-2185 | Bsi Financial Services<br>101 N 2nd St<br>Titusville, PA 16354 | (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| (p)CITIFINANCIAL<br>BANKRUPTCY FORECLOSURE UNIT<br>1000 TECHNOLOGY DRIVE<br>OFALLON MO 63368-2239 | Department of Revenue<br>PO Box 6668<br>Tallahassee, FL 32314-6668 | Directv, LLC<br>by American InfoSource LP as agent<br>PO Box 5008<br>Carol Stream, IL  60197-5008 |
| Diversified Adjustment Swervices, Inc<br>600 Coon Rapids Bv<br>Coon Rapids, MN 55433-5549 | Diversified Adjustment Swervices, Inc<br>Dasi-Bankrupcty<br>60 Coon Rapids Blvd<br>Coon Rapids, MN 55448-5809 | FLORIDA HOSPITAL ORLANDO<br>C/O KEVIN B WILSON LAW OFFICES<br>2810 WALKER RD STE 102<br>CHATTANOOGA, TN 37421-1082 |
| Florida Hospital<br>7727 Lake Underhill Rd<br>Orlando, FL 32822-8299 | HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SE<br>BSI Financial Services<br>1425 Greenway Drive #400<br>Irving, TX 75038-2480 | Heart of Florida Regional<br>40100 US Highway 27<br>Davenport, FL 33837-5900 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | LVNV Funding, LLC its successors and assigns<br>assignee of CVI Loan GT Trust I<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | LVNV Funding, LLC its successors and assigns<br>assignee of MHC Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Medical Business Consultants<br>Settlement Division<br>PO Box 5417<br>Largo, FL 33779-5417 | Navy Federal Cr Union<br>Po Box 3000<br>Merrifield, VA 22119-3000 | Navy Federal Cr Union<br>Po Box 3700<br>Merrifield, VA 22119-3700 |
| North American Credit Services<br>2810 Walker Rd<br>Chattanooga, TN 37421-1082 | North American Credit Services<br>Po Box 182221<br>Chattanooga, TN 37422-7221 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Prog Leasing, LLC<br>256 W. Data Drive<br>Draper, UT 84020-2315 | Royal Ridge Homeowner Assocn<br>300 Citrus Ridge Drive<br>Davenport, FL 33837-9214 | Vance & Lotane, P.A.<br>PO Box 236187<br>Cocoa, FL 32923-6187 |
| Verizon<br>Po Box 49<br>Lakeland, FL 33802-0049 | Verizon<br>Verizon Wireless Bankruptcy Administrati<br>500 Tecnolgy Dr Ste 500<br>Weldon Springs, MO 63304-2225 | Verizon<br>by American InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |

| | | |
|---|---|---|
| Jose E Lopez<br>LawyerASAP, LLP<br>150 N. Orange Avenue, Suite 303<br>Orlando, FL 32801-2317 | Kelly Remick<br>Chapter 13 Standing Trustee<br>Post Office Box 6099<br>Sun City, FL 33571-6099 | Raheem A. Pontiflet<br>3756 Dartford Drive<br>Davenport, FL 33837-8651 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Capital One<br>15000 Capital One Dr<br>Richmond, VA 23238 | Citifinancial<br>300 St. Paul Place<br>Baltimore, MD 21202 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Capital One<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | End of Label Matrix<br>Mailable recipients    32<br>Bypassed recipients     1<br>Total                  33 |